UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUSTIN GENTRY,
      Plaintiff,
vs.                                                                         Case No.

BASS PRO OUTDOOR WORLD, LLC,
A Foreign Limited Liability Company,
      Defendant.
_____/

## COMPLAINT

Plaintiff, JUSTIN GENTRY, sues Defendant BASS PRO OUTDOOR WORLD, LLC, and states as follows:

## JURISDICTION

Jurisdiction in this Court is proper under 28 U.S.C. § 1331 as this action arises under Title I of the Americans with Disabilities Act, 42 U.S.C. § 12112 and under 28 U.S.C. §1367 providing pendant jurisdiction for the state law claim.

## VENUE

Venue is proper in this Court as the Defendant is a corporation conducting business within the Middle District.

## CONDITIONS PRECEDENT

All conditions precedent to this suit have been met.  Plaintiff filed a Charge

1

of Discrimination with the Equal Employment Opportunity Commission within 300 days of the discriminatory/retaliatory events which is attached as Exhibit A. Plaintiff received a Right to Sue from the Equal Employment Opportunity Commission dated December 29, 2021, which is attached as Exhibit B , and filed this suit within 90 days of receipt.

## FACTUAL ALLEGATIONS

1. Plaintiff served in the United States Army in 2010 and 2011, stationed in Alaska.

2. At the time, Plaintiff's wife was pregnant and had complications that could not be treated in Alaska. Based on this, Plaintiff was honorably discharged in 2011.

3. In 2014, Plaintiff was involved in an accident where a car hit him head on while he was riding his motorcycle.

4. As a result of the motorcycle accident, Plaintiff broke his pelvis, his back, his left femur, both arms, suffered head trauma, lost sight in his left eye and suffered psychological damaged.

5. The injuries left Plaintiff disabled, some of which is perceptible as he walks with a cane.

6. Plaintiff receives social security disability but is authorized to work up to 24 hours per week.

7. Plaintiff has extensive experience related to fishing, including six years of being a reel technician. During that time, Plaintiff also handled customer questions about rods and reels.

8. In July 2021, Plaintiff applied for a part-time position working 20 hours per week, including some Saturdays, at Bass Pro Shop in Palm Bay, Florida in the Fishing Department. Plaintiff was able to work the hours of the position and was available to work Saturdays.

9. The job duties for which Plaintiff applied included putting lures on shelves, spooling reels, and helping customers select which rods and reels were best suited for them.

10. Plaintiff was interviewed for the position by the Fishing Department Manager and the Store Manager.

11. The Fishing Department Manager was very positive during the interview.

12. During the interview, the Store Manager asked the Fishing Department Manager how he felt about hiring Plaintiff, to which the Fishing Department Manager responded that he personally thought Plaintiff had the knowledge to do the job and would be great.

13. The Store Manager indicated that he had a concern about whether Plaintiff could do the job based on what he perceived were the limitations of Plaintiff's disability.

14. Plaintiff assured the Store Manager that he was capable of performing the duties.

15. Plaintiff was not asked how he would perform the duties or to demonstrate how he would perform the duties.

16. Plaintiff was not asked if he needed any accommodation to perform the duties of the job for which he applied.

17. Plaintiff was not hired for the position based on his disability.

18. Plaintiff was not offered an alternative position. At the time, there were several other available positions, including a greeter.

19. As a result of being denied employment based on his disability, Plaintiff lost interest in fishing-something to which he had dedicated his life since his motorcycle accident. Plaintiff also suffered a loss of self-esteem, and it worsened his depression.

## COUNT I
## VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT

Plaintiff incorporates the preceding paragraph as if fully stated herein.

20. Plaintiff is disabled within the meaning of the Americans with Disabilities Act.

21. Defendant is an employer within the meaning of the Americans with Disabilities Act.

22. Plaintiff applied for and was interviewed for a job that he was qualified to perform.

23. The statement made by the Store Manager about whether Plaintiff could perform the duties of the job for which he was applying based on his disability constitutes direct evidence of discrimination.

24. Plaintiff was denied employment based on his disability and/or the perception of the limitations of his disability.

WHEREFORE, Plaintiff demands damages for front pay, benefits, and other remuneration; all other compensatory damages allowable under law; emotional distress damages; punitive damages, attorney's fees and costs; and any other relief the Court deem just and proper.

## COUNT II
## VIOLATION OF FLORIDA STATUTE 760.10

Plaintiff incorporates the preceding paragraph as if fully stated herein.

25. Plaintiff is handicapped within the meaning of the Florida Civil Rights Act.

26. Defendant is an employer within the meaning of the Florida Civil Rights Act.

27. Plaintiff applied for and was interviewed for a job that he was qualified to perform.

28. The statement made by the Store Manager about whether Plaintiff could perform the duties of the job for which he was applying based on his disability constitutes direct evidence of discrimination.

29. Plaintiff was denied employment based on his handicap and/or the perception of the limitations of his handicap.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: February 8, 2022

Respectfully submitted,

*/s/Beth Coke*
Beth Coke
Fla. Bar. #70726
Beth@cokeemploymentlaw.com
Coke Employment Law
131 N. 2nd Street, Suite 204
Fort Pierce, Fl. 34950
Telephone: (772) 252-4230
Facsimile: (772) 252-4575
Attorney for Plaintiff